## STATE OF NEBRASKA, EX REL. B. C. OYLER, V. THE SUPERVISORS OF HARLAN COUNTY.

**Township Organization:** ELECTION OF SUPERVISORS. The city of A. was included within the town of A., in the county of H., which was under township organization. An election for the selection of a supervisor was held in the township, which included the city of A., and at which the electors of the whole township voted. It was *Held,* That the relator was not elected as a supervisor from the city of A., another candidate, who resided outside the city boundaries, within the town, having received a greater number of votes at the election so held.

ORIGINAL application for mandamus.

*Oyler & Beall,* for relator.

*C. C. Flansburg,* for respondents.

3

REESE, CH. J.

This is an application to this court, in the exercise of its original jurisdiction, for a peremptory writ of mandamus to compel the defendants, who are the supervisors of Harlan county, to admit the relator as a member of their board, he claiming to have been elected as such member by the electors of the city of Alma, which is situated within the boundaries of what has heretofore been, and perhaps now is, Alma township. It appears by the pleadings and proofs submitted that the election at which the relator claims to have been selected as the member from the city of Alma, was in Alma township, that is, that the electors of the whole township voted at the election. By the returns it appears that Joseph McCreery received two hundred and ten votes, and the relator one hundred and thirty-two. McCreery received the certificate of election, and was admitted as one of the board. There is nothing in the record anywhere to show that the one hundred and thirty-two votes cast for relator were the votes of the electors of Alma city alone, but, so far as the returns go, it appears that McCreery and relator were opposing candidates. It is insisted that the city of Alma is entitled to a member of the board, as a town, under the provisions of the law providing for township organization. Comp. Stat., Art. IV., Chap. 18. Whether this be true or not, it is quite clear that the electors of the city did not see fit to act independently in the election of members of the board of supervisors. It does not appear that relator was duly elected such supervisor from that city.

It is provided by section 645 of the code that, although a writ of mandamus may issue to compel action, yet it will not issue to control judicial discretion.

The board of commissioners decided that relator was not entitled to a seat in their body, as the representative of

the city of Alma, he not having been elected in that capacity. Their decision was correct. The writ must therefore be denied.

WRIT DENIED.

THE other judges concur.